IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Chasidy N. Stokes, Kellian N. Wineski, Pamela Kelley, Lexus Harris, Malcolm Perry, and Michael Sheehan, | Case No.: 3:22-cv-01801-MGL |
| on behalf of themselves and all others similarly situated, | COMPLAINT (FLSA COLLECTIVE ACTION) |
| Plaintiffs, | *JURY TRIAL DEMANDED* |
| v. | |
| Sumter Original Brewery, LLC, | |
| Defendant. | |

Plaintiffs, through their undersigned counsel, bring this collective action complaint on behalf of themselves and all other similarly situated current and former employees of Defendant as follows:

LEGAL BASIS FOR ACTION

1. This action is brought individually and as a collective action to recover wages and other damages arising from Defendant's failure to comply with the minimum wage provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* (the FLSA).

2. Defendant violated the FLSA by failing to pay Plaintiffs and other similarly situated employees (Tipped Employees) the federal minimum wage of $7.25 per hour worked.

3. Defendant purported to take advantage of a "tip credit" whereby it sought to obtain credit toward its minimum wage obligations for amounts Tipped Employees received as customer tips.

4. Defendant was and is ineligible to claim a tip credit because it forced the Tipped

1

Employees to surrender their earned tips, whereupon Defendant aggregated the tips received in a common pool (Tip Pool).

5. Defendant distributed the proceeds of the Tip Pool to various persons, including employees and others who did not contribute to the Tip Pool and who do not regularly and customarily receive tips, such as kitchen employees, managers, owners, and others.

6. Defendant failed to notify its Tipped Employees of the means of calculating the amounts each employee received from the Tip Pool, and otherwise failed to comply with the notice requirements of the FLSA associated with maintaining tip pools.

7. Defendant's disbursal of the proceeds of the Tip Pool to non-tipped employees and other persons violated the FLSA.

8. Defendant's failure to provide proper notice of the tip pool arrangements violated the FLSA.

9. The Tipped Employees are entitled to back wages, return of all tips surrendered to Defendant, liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, injunctive relief forbidding Defendant from maintaining an unlawful Tip Pool and such other relief as the Court deems appropriate.

## PARTIES, JURISDICTION & VENUE

10. Plaintiffs Chasidy N. Stokes, Kellian N. Wineski, Pamela Kelley, Lexus Harris, Malcolm Perry, and Michael Sheehan (Named Plaintiffs) are residents of Sumter County, South Carolina.

11. Plaintiffs Stokes and Kelley are former employees of Defendant; Plaintiffs Wineski, Harris, Perry and Sheehan are current employees of Defendant.

12. Defendant is a South Carolina limited liability company with its principal place of business in Sumter County, South Carolina. This Court has personal jurisdiction over

Defendant.

13. This Court has federal question jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because the allegations herein concern violations of the FLSA.

14. The acts and omissions set forth herein occurred in Sumter County, South Carolina, in whole or in part. Accordingly, venue is proper in this District and Division.

FACTS

15. Defendant is a brewery in downtown Sumter, South Carolina that serves food and beverages to the public.

16. Defendant opened to the public in or about March 2020 and has been in continuous operation at all times since then.

17. Named Plaintiffs worked for Defendant as Tipped Employees, serving food and beverages to customers. Plaintiffs Wineski, Harris, Perry and Sheehan continue to work in such capacity.

18. At all times relevant to this Complaint, Defendant's customers ordered food and beverages from Tipped Employees for consumption on Defendant's premises. Customers generally left cash or credit card tips for the Tipped Employees.

19. Defendant also hosted special events at which its Tipped Employees delivered food and beverages to customers and received cash and credit card tips.

20. The decision to leave a tip, and the amount thereof, was at the discretion of the customers. The customers reasonably believed their tips were retained by their servers and/or bartenders. The customers were not told, and had no reason to believe, that any portion of their tips were collected by Defendant for distribution to kitchen employees, managers and/or owners.

21. At all times relevant to this case, Named Plaintiffs and other Tipped Employees were

paid $3.00 per hour for work they performed for Defendant. Their primary duties involved bartending and serving customers. They also performed "side work," which did not involve service of customers, including for approximately one hour in the case of Tipped Employees who had "opening" shifts that started before Defendant opened for business. Tipped Employees performed non-tipped "side work" at their normal rate of $3.00 per hour.

22. For a short period during her employment with Defendant, Plaintiff Stokes was classified as a manager. During that time, she continued to be paid $3.00 per hour despite spending a portion of her time performing managerial duties such as scheduling, handling customer complaints and assisting with administrative tasks.

23. At all times since Defendant's opening, it has paid its Tipped Employees at a rate below $7.25 per hour.

24. Defendant does not permit its Tipped Employees to keep the tips they receive from customers.

25. Instead of allowing Tipped Employees to keep their tips, Defendant requires them to submit all tips to one of Defendant's owners, to be placed in the Tip Pool.

26. Defendant has failed and refused to explain to its Tipped Employees how it distributes tips from its Tip Pool. Instead, it retains complete discretion to decide who participates in the Tip Pool and how much each participant receives.

27. Defendant assigns a certain number of "points" to each Tipped Employee. On information and belief, the assignment of points by Defendant is arbitrary and discretionary.

28. Defendant claims that the number of points each Tipped Employee has is somehow relevant to such employee's share of the Tip Pool amount distributed in any given pay

period. However, Defendant does not disclose to Tipped Employees the total amount of the Tip Pool, the persons who share in the Tip Pool, or the assignment of points to each such person.

29. On information and belief, the purpose of the opaque "points" system is to allow Defendant's owners and high-level managers to funnel tips away from the employees who earned them and toward other employees or persons. On information and belief, Defendant also uses points to reward what it perceives as loyalty and deter Tipped Employees from raising concerns about their terms and conditions of employment.

30. Tipped Employees regularly and consistently receive less in Tip Pool distributions than they would have earned if they had been permitted to keep the tips given to them by customers.

31. On information and belief, the reason Tipped Employees receive less from the Tip Pool than they earned in tips is that Defendant uses a substantial portion of the Tip Pool to pay owners, managers and kitchen staff.

32. Using Tip Pool distributions to pay owners, managers and kitchen staff is a violation of the FLSA.

33. Plaintiff Stokes and other employees expressed concern to Defendant and its high-level managers and owners about wrongful withholding of tips and the unfairness of Defendant's Tip Pool system.

34. Defendant responded to such expressions of concern by insisting that the Tip Pool system complied with applicable law, despite knowing such statements to be false or having no reasonable basis to believe them to be true.

35. Most recently, Defendant held an employee meeting at which it claimed to have confirmed with legal counsel that the Tip Pool system was fully compliant with

applicable law. Defendant knew such representation to be false or had no reasonable basis to believe it was true.

## Count I
### For A First Cause of Action on Behalf of All Tipped Employees
### Fair Labor Standards Act
### Failure to Pay Minimum Wage

36. Plaintiffs incorporate by reference the foregoing allegations as if set forth here in full.

37. At all relevant times, Tipped Employees were entitled to be paid not less than $7.25 per hour for all hours worked.

38. At all relevant times, Defendant paid Tipped Employees substantially less than $7.25 per hour for all hours worked.

39. Defendant purported to take advantage of the "tip credit" provision of the FLSA to avoid paying Tipped Employees at least $7.25 per hour for all hours worked.

40. At all relevant times, Defendant's Tip Pool failed to meet the FLSA's legal requirements for valid tip pools. Specifically, Defendant unlawfully:

    a. shared Tip Pool funds with owners;
    b. shared Tip Pool funds with managers;
    c. shared Tip Pool funds with outside parties not directly employed by Defendant;
    d. shared Tip Pool funds with kitchen staff;
    e. shared Tip Pool funds with cleaning staff; and
    f. failed to provide reasonable notice to Tipped Employees as to the manner in which Tip Pool funds were being distributed.

41. Plaintiffs and the other Tipped Employees are entitled to have this matter certified as a collective action, to have notice sent to all Tipped Employees in substantially the form contained in attachment A hereto, and to have an opportunity for all interested Tipped

Employees to opt in to participate in this action.

42. Plaintiffs and the other Tipped Employees are entitled to compensation for all hours not previously compensated at a rate of at least $7.25 per hour, irrespective of any amounts received from the Tip Pool.

43. Plaintiffs and the other Tipped Employees are entitled to a refund of all tips taken by Defendant and placed in the Tip Pool.

44. Plaintiffs and the other Tipped Employees are entitled to liquidated damages in an amount equal to all actual damages recovered.

45. Plaintiffs and the other Tipped Employees are entitled to all attorneys' fees and costs incurred in connection with this action.

46. Plaintiffs and the other Tipped Employees are entitled to pre- and post-judgment interest on all damage awards.

47. Plaintiffs and the other Tipped Employees are entitled to permanent injunctive relief barring Defendant from (1) taking or retaining any tips from any Tipped Employee (2) failing to pay any Tipped Employee at least $7.25 per hour; and (3) retaliating against any employee for participating and/or testifying in this action or raising concerns or complaints about Defendant's non-compliance with state of federal wage law (including the FLSA).

WHEREFORE, Plaintiffs and all similarly situated past or present employees respectfully requests a trial by jury on all claims and that they be granted all available relief including the relief set forth above, such additional equitable relief as the Court may deem appropriate, and all other and further relief as to the Court appears necessary and proper.

Respectfully submitted this 8th day of June, 2022.

                                                      s/ Jeffrey P. Dunlaevy
                                                      Jeffrey P. Dunlaevy (Fed ID # 7575)
                                                      37 Villa Road, Suite 440
                                                      Greenville, SC 29615
                                                      Telephone:  864.208.9305
                                                      Facsimile:  864.208.9313
                                                      jeff@dunlaevylaw.com

                                                      *Attorney for Plaintiffs and others similarly situated*