

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CHASIDY N. STOKES, KELLIAN N. WINESKI, PAMELA KELLEY, LEXUS HARRIS, MALCOLM PERRY, and MICHAEL SHEEHAN, *on behalf of themselves and all others similarly situated*, Plaintiffs, | § § § § § § § | |
| vs. | § § | Civil Action No. 3:22-01801-MGL |
| SUMTER ORIGINAL BREWERY, LLC, Defendant. | § § § | |

**ORDER GRANTING CONSENT MOTION TO CERTIFY CLASS
AND GRANTING AS MODIFIED MOTION FOR SETTLEMENT APPROVAL**

Before the Court are the parties' joint motion to certify class and joint motion for settlement approval. The parties filed the motions, which set forth the details of a settlement agreement between the parties in this Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.*, case, and attached a proposed notice and the settlement agreement.

The Court directed the parties to confer regarding whether signed consent and the opportunity to object to the settlement by putative class members is required in this case. The parties replied that written consent was needed and provided an amended notice and opt-in form. The Court again directed the parties to explain why the opt-in form failed to provide an opportunity for putative class members to object. The parties replied another time, informing the Court they believe a chance to object and final approval of the settlement are unrequired by the FLSA.

The Court has reviewed the parties' motions, replies, and proposed notice and opt-in forms. Although it agrees with the parties that including information about objections in the notice is unnecessary, it will refrain from granting final approval of the settlement until the opt-in period expires. At that point, the parties may move for final approval and advise the Court the number and proportion of putative class members who ultimately opt-in.

The Court will thus grant the motion to certify and certify the class of "All persons who worked as tipped employees for Sumter Original Brewery, LLC, and were paid an hourly wage below $7.25 per hour, at any time during the Release Period" as defined in the notice and settlement agreement for the purposes of notice and settlement. It will also appoint class representatives and class counsel as described in those documents.

Finally, the Court determines the settlement agreement appears fair and reasonable. It will therefore grant preliminarily approval of the settlement agreement for the purposes of notice. As described above, the parties may request final approval after the opt-in period. The Court has made some changes to the parties' proposed notice and opt-in form in accordance with this order and for the sake of clarity to putative class members. The Court has attached a redline of those documents as an exhibit to this order. The Court authorizes dissemination of that notice to putative class members.

Accordingly, it is the judgment of the Court the parties' motion to certify is **GRANTED** and the parties' motion for settlement approval is **GRANTED AS MODIFIED**.

**IT IS SO ORDERED.**

Signed this 3rd day of May 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
