THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Chasidy N. Stokes, Kellian N. Wineski, Pamela Kelley, Lexus Harris, Malcolm Perry, and Michael Sheehan, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Sumter Original Brewery, LLC <br><br> Defendant. | Civil Action No. 3:22-cv-01801-MGL <br><br> **PLAINTIFFS' CONSENT MOTION FOR FINAL APPROVAL OF SETTLEMENT** |

Plaintiffs, with the consent of Defendant, respectfully request that this Court grant final approval of the parties' settlement of this action, certify this matter as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* (the FLSA), for settlement purposes only, and approve the distribution of settlement funds to collective action members. This motion is based on the arguments and evidence previously submitted and the contemporaneously filed Supplemental Declaration of Jeffrey P. Dunlaevy and Exhibits thereto.

Plaintiffs moved for approval of the settlement of this case on February 9, 2023, with the consent of Defendant. (Docket No. 22.) The Court granted preliminary approval subject to the submission of notice to putative collective action members and evaluation of the responses to such notice. (Docket No. 35.) The parties distributed notice as approved by the Court. Pursuant to the notice, putative collective action members had a thirty-day period to choose whether to opt in. The notice period having expired, Plaintiffs now respectfully seek final approval of the settlement.

1

The Supplemental Declaration and Exhibits reflect the following opt-in results:

**OPT-IN RESPONSES**

| Putative Collective Action Members Receiving Notice | 40 |
|---|---|
| Opt-Ins | 27 |
| Non-Responses | 13 |
| Percentage Opting In | 67.5% |

**SETTLEMENT FUND DISTRIBUTION**

| Total Settlement Fund | $130,000.00 |
|---|---|
| Settlement Funds Claimed by Opt-Ins | $127,339.89 |
| Unclaimed Settlement Funds | $2,660.11 |
| Percentage of Settlement Funds Claimed | 97.95% |

**RATIO OF FUND PAYOUT TO FEES AND SERVICE AWARDS**

| Settlement Funds Claimed by Opt-Ins | $127,339.89 |
|---|---|
| Attorneys' Fees Requested[1] | $34,635.29 |
| Service Awards Requested ($1,500 per named Plaintiff) | $9,000 |
| Total (Opt-In Payments, Attorneys' Fees & Service Awards) | $170,975.18 |
| Percentage Payable Pro-Rata to Collective Action Members | 74.48% |
| Percentage Payable as Attorneys' Fees | 20.26% |
| Percentage Payable as Service Awards to Six Named Plaintiffs | 5.26% |

---

[1] As noted previously, the parties' Settlement Agreement also contemplates payment of $5,364.71 in litigation and administration costs. Such costs are not included in the tables above.

# DISCUSSION

Plaintiff's initial motion (Docket Entry No. 22) contained an extended discussion of the facts and law supporting their motion for collective action certification and approval of the settlement. In the interest of efficiency, that argument is not reproduced here. Rather, Plaintiffs will limit the discussion below to two issues (1) whether the opt-in data reflects class-wide support for this action and the proposed settlement; and (2) whether the requested attorneys' fees and service awards are appropriate in light of the collective recovery of the putative opt-in plaintiffs.

## A. The Opt-In Responses Support Approval of This Settlement

Among the factors for consideration in evaluating a proposed FLSA collective action settlement are "the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016); *Weckesser v. Knight Enters. S.E., LLC*, 402 F. Supp. 3d 302, 305 (D.S.C. 2019).

As set forth above, more than two-thirds of the eligible putative collective action members opted in. (Dunlaevy Suppl. Decl. ¶ 12.) Each opt-in form has been filed herewith in accordance with 29 U.S.C. § 216(b). (Dunlaevy Suppl. Decl. Exh. A.)

As explained in Plaintiffs' first motion for settlement approval [Docket Entry No. 22], the contemplated settlement compares favorably to the Class Members' likely recovery at trial. Thus, is it not surprising that a significant majority of the putative collective action members have opted in. Just as importantly, no putative collective action member has registered opposition to this matter proceeding as a collective action, to the method of calculating settlement shares, or to the fees and costs sought. (Dunlaevy Suppl. Decl. ¶¶ 10, 12, 16.) The putative plaintiffs and their

counsel overwhelmingly support this matter being settled on the proposed terms.  Such support strongly favors approval.  *Irvine*, *Weckesser*.

### B. The Attorneys' Fees and Service Awards Are Reasonable

A requested attorneys' fee award may be evaluated under either the lodestar method or the percentage-of-the-fund method.  *Unger v. Furman Univ.*, Civil Action No. 6:21-cv-379-TMC, 2021 U.S. Dist. LEXIS 249549, at *9 (D.S.C. Dec. 3, 2021).  The lodestar method evaluates the fee request based on hours worked multiplied by a reasonable hourly rate, whereas the percentage-of-the-fund method compares the fee requested to the settlement fund obtained for the class.  *Id.*

As reflected in the original Dunlaevy and Keffer Declarations [Docket Entries 22-2, 22-3], both counsel recorded time in this case at their customary rate of $300 per hour.  Such rate is well in line with rates previously approved in collective action settlement cases.  *See, e.g., Mullinax v. Parker Sewer & Fire Subdistrict*, Civil Action No. 6:12-cv-01405-TMC, 2014 U.S. Dist. LEXIS 199340, at *38 (D.S.C. Mar. 11, 2014) (finding that $350/hr. was "well within the market rate for experienced employment lawyers in South Carolina" as of 2014); *Unger v. Furman Univ.*, Civil Action No. 6:21-cv-379-TMC, 2021 U.S. Dist. LEXIS 249549, at **11-12 (D.S.C. Dec. 3, 2021) (approving $384/hr.); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 850 (D.S.C. 2016) (approving $300/hr.).

Applying counsel's rate of $300 per hour to the hours expended in this case to the hours submitted in the affidavits of Plaintiffs' counsel reflects that the fee award is below the lodestar amount.  Jeffrey Dunlaevy worked 124.5 hours on this case prior to submission of the original motion to approve settlement; John Keffer worked 110.5 hours up to that point.[2]  The combined

---

[2] The undersigned estimate that they have spent an additional 25-30 hours on this matter since filing the original motion in February.  (Dunlaevy Suppl. Decl. ¶ 15.)  No fee increase is sought in connection with this work.

fees for such time would be $70,500, which is more than twice the fee request of $34,635.29. Accordingly, the lodestar method supports the fee amount requested.

Reviewing fees based on the percentage-of-the-fund method similarly reflects that the fee request in this case is well within the realm of reason. Here, the fee request is less than $35,000. The claimed portion of the settlement fund is $127,339.89. (Dunlaevy Suppl. Decl. ¶ 12.) As the tables above reflect, the fee request represents barely twenty percent of the total recovery (less than twenty percent if litigation costs are included).

Courts have regularly approved significantly higher amounts in collective action settlements. *See, e.g., Weckesser v. Knight Enters. S.E., LLC*, 402 F. Supp. 3d 302, 305 (D.S.C. 2019) (approving settlement fund of $325,000 and fee award of $235,000); *Irvine v. Destination Wild Dunes Mgmt.*, 204 F. Supp. 3d 846, 848 (D.S.C. 2016) (approving settlement fund of $179,000 and fee award of $246,000); *Mullinax v. Parker Sewer & Fire Subdistrict*, Civil Action No. 6:12-cv-01405-TMC, 2014 U.S. Dist. LEXIS 199340, at *9 (D.S.C. Mar. 11, 2014) (approving settlement fund of $189,500 and fee award of $90,000).

Under either method, the fee request in this case is well below the baseline in comparable collective action cases.

Finally, the $1,500 service awards in this case are fair and reasonable in light of the service the Plaintiffs performed for the Class Members. By bringing this litigation, Plaintiffs have triggered changes in Defendant's tip credit practices that will benefit current and future employees.[3] In addition, the contemplated settlement fund will result in full compensation for the

---

[3] Defendant continues to deny and contest the allegations in the Complaint. While Defendant agrees that it took prompt steps to revise its tip pool program to ensure compliance with the FLSA, it maintains that it took such steps out of an abundance of caution rather than to correct any actual violation of the statute.

alleged minimum wage violations. Approximately ninety-eight percent of the hours worked while receiving a tip credit by putative collective action members will, with the additional settlement funds, be brought above the applicable minimum wage. By any measure, this is as close to complete relief as can reasonably be expected in a voluntary settlement.

The named Plaintiffs are not merely profiting from their place on the caption. They have assisted counsel in evaluating settlement options, negotiating settlement, and identifying potential witnesses that contributed to the prosecution of this case. The relatively modest service awards here (roughly five percent of the total settlement) are appropriate under the circumstances and well below what courts have approved in connection with other collective action settlements. *McCurley v. Flowers Foods, Inc.*, Civil Action No. 5:16-cv-00194-JMC, 2018 U.S. Dist. LEXIS 226234, at *22-23 (D.S.C. Sep. 10, 2018) (collecting cases approving service awards between $40,000 and $7,500 per person); *Mullinax v. Parker Sewer & Fire Subdistrict*, Civil Action No. 6:12-cv-01405-TMC, 2014 U.S. Dist. LEXIS 199340, at *9 (D.S.C. Mar. 11, 2014) (approving service awards of $5,000 and $3,000); *Weckesser v. Knight Enters. S.E., LLC*, 402 F. Supp. 3d 302, 306 (D.S.C. 2019) (approving service awards of $10,000 and $2,500).

WHEREFORE, based on the arguments previously presented and the additional information discussed herein, and with Defendant's consent, Plaintiffs respectfully request that the Court enter an Order certifying this as a collective action, approving the parties' settlement, and authorizing the issuance of payments to all opt-in Plaintiffs in accordance with the settlement terms and notice forms previously sent.

*[Signatures on Following Page]*

<div style="margin-left: 40%;">

<u>s/ Jeffrey P. Dunlaevy</u>
Jeffrey P. Dunlaevy (Fed ID # 7575)
Dunlaevy Law Firm
37 Villa Road, Suite 440
Greenville, SC 29615
Telephone: 864.208.9305
Facsimile: 864.208.9313
jeff@dunlaevylaw.com


<u>s/ John S. Keffer</u>
John S. Keffer (Fed. ID # 67910)
Keffer Law Firm
10 Law Range
Sumter, South Carolina 29150
(803) 774-1004 phone
(803) 774-1005 fax
jkeffer@kefferlawfirm.com

*Counsel for Plaintiffs*

</div>

August 15, 2023