THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Chasidy N. Stokes, Kellian N. Wineski, Pamela Kelley, Lexus Harris, Malcolm Perry, and Michael Sheehan, on behalf of themselves and all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>Sumter Original Brewery, LLC<br><br>                Defendant. | Civil Action No. 3:22-cv-01801-MGL<br><br>**ORDER GRANTING PLAINTIFFS' CONSENT MOTION FOR FINAL APPROVAL OF SETTLEMENT** |

      Plaintiffs moved for certification of this matter as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* (the FLSA), approval of the parties' settlement of this action, and authorization to distribute notice and settlement funds to collective action members.  [Docket Entry No. 22.]  Defendant consented to the motion and all named parties executed a Settlement and Release Agreement.  [Id.]

      This Court deferred a final ruling on approval of the settlement and ordered that a notice of the proposed settlement terms, and opt-in forms, be provided to all putative collective action members.  [Docket Entry No. 35.]  In accordance with the Court's Order, the parties submitted notice to the 40 putative collective action members on or about June 22, 2023.  Following a 30-day opt-in period, 27 of the 40 recipients of notice opted in to this action for the purposes of participating in the settlement.  Having filed the opt-in forms, Plaintiffs now seek final approval of the settlement.

For the reasons set forth herein, the Court grants the motion, certifies this matter as a collective action for settlement purposes, approves the parties' settlement, and authorizes distribution of the settlement funds.

## BACKGROUND AND SETTLEMENT TERMS

The central issue in this case is the legal challenge under the FLSA to Defendant's tip pool arrangement, as it existed from March 2020 through June 2022. The action was brought on behalf of all persons who worked as tipped employees for Defendant and were paid an hourly wage below $7.25 per hour during such time period.

Plaintiffs contend that the tip pool failed to comply with FLSA minimum wage requirements because Defendant failed to provide proper notice to participants and because Defendant allowed unauthorized, non-tipped, persons, such as kitchen employees, managers and owners, to receive tip pool funds. [Docket Entry No. 22-1, p. 1-2.] Defendant contested these assertions. In addition, Defendant argued that in certain weeks, no disputed persons received pool funds. [Id., p. 2.] Defendant also asserted that it charged mandatory service fees to customers and provided the proceeds to Plaintiffs and the putative Opt-In Plaintiffs, which would offset any damages in this case. [Id.] Finally, Defendant contested the applicability of liquidated damages under the FLSA. [Id.]

The parties sought, and this Court granted, a stay of this case shortly after it was filed. Over a period of several months, the parties exchanged, reviewed and analyzed pay data and other records. They held a mediation with an experienced FLSA collective action mediator. [Id., p. 3.] The case did not settle at mediation but the parties continued negotiations for several weeks thereafter. [Id.] In December 2022, they reached an agreement in principle, and submitted their motion for approval to the Court on February 9, 2023.

The parties' settlement terms include the creation of a fund of $130,000 for payment of claims based on hours worked. [Id., p. 3.] Each hour worked below $7.25 per hour by each putative collective action member was counted and a settlement amount assigned to each member. Based on the parties' calculations, each hour worked is compensated at the rate of approximately $5.12 per hour. [Id., p. 3-4.] Combined with the original pay rate pursuant to Defendant's tip pool arrangement, such amount will ensure that every hour worked by every Plaintiff is paid at or above the applicable minimum wage. [Id.]

In addition to the fund, the parties' settlement contemplates payment of attorneys' fees and costs in the amount of $40,000. [Id., p. 4.] Plaintiffs estimated that out-of-pocket costs (including the cost of the settlement fund administrator) are $5,364.71, such that their fee award would be $34,635.29. [Id.] In addition, the settlement contemplates payment of service awards to the six named Plaintiffs in the combined amount of $9,000 ($1,500 per named Plaintiff). [Id.] Three of the named Plaintiffs reached agreements to resign their employment with Defendant in exchange for $7,000 per person in severance. [Id.]

Following the submission of the initial motion to approve the settlement, the Court ordered that the putative collective action members be provided with notice of the settlement terms and the right to opt in. The Court deferred final approval pending review of the results of the opt-in process.

At the conclusion of the opt-in period, 27 of the 40 putative collective action members opted in (referred to hereinafter as Opt-In Plaintiffs). [Docket Entry No. 36-1, ¶ 12.] Those who did not opt in simply did not respond; none of the notice recipients objected to the certification of this matter as a collective action or the settlement. [Id., ¶¶ 10, 12, 16.] Approximately 97.95% of the fund ($127,339.89) was claimed by those who opted in. [Id., ¶ 12.] The remaining $2,660.11,

representing hours worked by those who elected not to opt in, is to be retained by Defendant pursuant to the parties' agreement.

## DISCUSSION

**A. Certification is Appropriate and the Settlement is Fair and Reasonable**

Certification of this case as an FLSA collective action for settlement purposes is appropriate if "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 848 (D.S.C. 2016). An FLSA collective action settlement may be approved where there is a bona fide dispute and the settlement terms are fair and reasonable. *Id.* The reasonableness of a settlement requires evaluation of the following factors:

> (1) the extent of discovery that has taken place;
>
> (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;
>
> (3) the absence of fraud or collusion in the settlement;
>
> (4) the experience of counsel who have represented the plaintiffs;
>
> (5) the opinions of class counsel and Opt-In Plaintiffs after receiving notice of the settlement whether expressed directly or through failure to object; and
>
> (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Id.* at 849; *Weckesser v. Knight Enters. S.E., LLC*, 402 F. Supp. 3d 302, 305 (D.S.C. 2019).

The Court finds that common class issues predominate over individual circumstances in this case. The legal question as to the lawfulness of Defendant's tip pool applies in the same way to every Opt-In Plaintiff. Defendant articulated class-wide defenses and contested both the fact and extent of liability.

Fairness and procedural considerations warrant certification. If any putative collective action member wished not to participate, he or she needed only to decline to send back an opt-in form. Thirteen people exercised that option and will not be prejudiced in any way by this lawsuit being settled without their participation. None of the putative collective action members objected to this matter proceeding as a collective action or the settlement terms.

The Court notes that although formal discovery has not taken place, the parties engaged in extensive document review in connection with settlement discussions. This settlement is the product of months of evaluating pay records, negotiation, and compromise. The benefits of completing formal discovery in this case are likely outweighed by the cost, delay and inefficiency of a formal discovery process. The resolution of this matter required extensive, arm's-length negotiations. The parties were ably represented by competent counsel with relevant experience in FLSA collective action litigation.

The Court finds that the settlement compares favorably to the likely outcome of this case at trial. The settlement fund will result in each Opt-In Plaintiff achieving a recovery above the amount per hour in tip credit taken. Defendant not only contested liability across the board but also contested the number of weeks in which it was allegedly non-compliant with FLSA rules. Defendant also asserted that mandatory service charges paid to Opt-In Plaintiffs were not tips and could be used to offset alleged damages. In light of the costs and inherent risks of litigation, the possibility of significant reductions in the number of weeks for which Opt-In Plaintiffs could recover damages, and the potential to recover no damages, the settlement in this case is a fair compromise.

Based on these findings, and the information provided with the motion, the Court finds that there is a bona fide dispute and the settlement terms are fair and reasonable.

B. **Attorneys' Fees and Service Awards Are Reasonable**

Attorneys' fees awards in FLSA settlements are generally evaluated under the lodestar method and/or the percentage-of-the-fund method. *Unger v. Furman Univ.*, Civil Action No. 6:21-cv-379-TMC, 2021 U.S. Dist. LEXIS 249549, at *9 (D.S.C. Dec. 3, 2021). The lodestar method evaluates the fee request based on hours worked multiplied by a reasonable hourly rate, whereas the percentage-of-the-fund method compares the fee requested to the settlement fund obtained for the class. *Id.*

Plaintiffs' counsel recorded time in this case at their customary rate of $300 per hour, which the Court finds is well within the normal rates for FLSA collective action work. *See, e.g., Mullinax v. Parker Sewer & Fire Subdistrict*, Civil Action No. 6:12-cv-01405-TMC, 2014 U.S. Dist. LEXIS 199340, at *38 (D.S.C. Mar. 11, 2014) (finding that $350/hr. was "well within the market rate for experienced employment lawyers in South Carolina" as of 2014); *Unger v. Furman Univ.*, Civil Action No. 6:21-cv-379-TMC, 2021 U.S. Dist. LEXIS 249549, at **11-12 (D.S.C. Dec. 3, 2021) (approving $384/hr.); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 850 (D.S.C. 2016) (approving $300/hr.).

Plaintiff's counsel provided declarations stating that they worked 124.5 hours (Dunlaevy) and 110.5 hours (Keffer) on this case. [Docket Entry Nos. 22-2; 22-3.] The Court finds that such time estimates are reasonable in light of the time spent preparing this case, reviewing payroll data and other company records, negotiating settlement and drafting settlement paperwork. The combined fees for such time would be $70,500, which is more than double the fee request of $34,635.29. Accordingly, the lodestar method supports the fee amount requested.

Plaintiffs' counsel's fee request is approximately twenty percent of the total settlement. [Docket Entry No. 36, p. 2.] Courts have regularly approved such amounts in collective action

settlements. *See, e.g., Weckesser v. Knight Enters. S.E., LLC*, 402 F. Supp. 3d 302, 305 (D.S.C. 2019) (approving settlement fund of $325,000 and fee award of $235,000); *Irvine v. Destination Wild Dunes Mgmt.*, 204 F. Supp. 3d 846, 848 (D.S.C. 2016) (approving settlement fund of $179,000 and fee award of $246,000); *Mullinax v. Parker Sewer & Fire Subdistrict*, Civil Action No. 6:12-cv-01405-TMC, 2014 U.S. Dist. LEXIS 199340, at *9 (D.S.C. Mar. 11, 2014) (approving settlement fund of $189,500 and fee award of $90,000). Accordingly, the Court finds that the fee request is reasonable under the percentage-of-the-fund analysis.

The $1,500 service awards in this case are fair and reasonable in light of the service the Plaintiffs performed for the Opt-In Plaintiffs. By bringing this litigation, Plaintiffs triggered payment of back wages to Opt-In Plaintiffs in an amount that more than doubles the wages originally paid. They assisted counsel in evaluating settlement options, negotiating settlement, and identifying potential witnesses that contributed to the prosecution of this case. The service awards here are less than ten percent of the settlement pool amount. *Compare, McCurley v. Flowers Foods, Inc.*, Civil Action No. 5:16-cv-00194-JMC, 2018 U.S. Dist. LEXIS 226234, at *22-23 (D.S.C. Sep. 10, 2018) (collecting cases approving service awards between $40,000 and $7,500 per person); *Mullinax v. Parker Sewer & Fire Subdistrict*, Civil Action No. 6:12-cv-01405-TMC, 2014 U.S. Dist. LEXIS 199340, at *9 (D.S.C. Mar. 11, 2014) (approving service awards of $5,000 and $3,000); *Weckesser v. Knight Enters. S.E., LLC*, 402 F. Supp. 3d 302, 306 (D.S.C. 2019) (approving service awards of $10,000 and $2,500).

The Court notes that certain Plaintiffs negotiated with Defendant for the payment of severance in connection with their resignation of employment. Such amounts were not deducted from the settlement fund and thus do not alter this Court's conclusion that the settlement in this case is fair and reasonable to the Opt-In Plaintiffs.

WHEREFORE, the Court issues the following ORDER:

(1) This action is certified as a collective action pursuant to the FLSA for settlement purposes, and each of the 27 Opt-In Plaintiffs shall be participants in this case;

(2) The Settlement and Release Agreement is approved as modified by the Court's prior rulings;

(3) The parties shall distribute settlement funds as provided in the Settlement and Release Agreement and Notice Forms, as modified by the Court's prior rulings; and

(4) The parties shall file a stipulation of dismissal with prejudice upon distribution of all settlement funds. They shall file the stipulation of dismissal, or a joint status report, no later than October 23, 2023.

**IT IS SO ORDERED.**

Signed this 25th day of August 2023, in Columbia, South Carolina.

                                                  s/ Mary Geiger Lewis
                                                  MARY GEIGER LEWIS
                                                  UNITED STATES DISTRICT JUDGE